COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| STUART EADS CLEMENTS, | | No. 08-09-00215-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 271st Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Wise County, Texas |
| | § | |
| Appellee. | | (TC#14,535) |
| | § | |
| | § | |

## **O P I N I O N**

Stuart Clements appeals his conviction for misdemeanor assault of an elderly individual. He received a 1 year county jail sentence, which was suspended in favor of 2 years' of community supervision. On appeal, he raises a single issue challenging the sufficiency of the evidence supporting his conviction.

Wise County Sheriff's Department Officer Mark Adams was dispatched to the Yellow Rose Café near Bridgeport, Texas, to investigate a disturbance on August 20, 2007. At approximately 11:30 that morning, Mrs. Nelva Reeves, a café employee, who was seventy-two years' old at the time, encountered Appellant at the restaurant's cash register after Appellant began complaining about his meal and the service he received. Mrs. Reeves offered to let Appellant leave the restaurant without charge, and suggested that he try another establishment. During their conversation, Mrs. Reeves noticed that Appellant smelled like he had been drinking. Despite her requests that Appellant leave the premises, Appellant continued to argue about his

dissatisfaction.

In order to avoid disturbing other customers during the cafe's daily lunch rush, Mrs. Reeves asked Appellant if he would step outside with her. The two stepped out into the parking lot, where Mrs. Reeves hoped Appellant would simply get in his vehicle and leave. She explained in her statement to the police that morning, that after she escorted Appellant out of the restaurant, she again, told him to leave the premises. As she turned to go back inside, her right knee, which was bandaged due to a broken knee cap, gave way. She told the officer that she "brushed" Appellant's face in an attempt to regain her balance, and that Appellant proceeded to slap her face, open handed, causing her to fall into the gravel parking area under the front of another customer's vehicle. As a result of the fall, Mrs. Reeves injured a muscle in her groin, bruised, and tore the rotator cuff in her shoulder and skinned her forearm.

When Officer Adams arrived at the café, Appellant was being detained by local police officers based on an outstanding warrant. Officer Adams placed Appellant in his patrol car, where, according to the officer, Appellant began voluntarily explaining the events which had lead to the disturbance call. Appellant told the officer he "didn't mean to hurt her," that "she had belittled him," and that he "felt really bad for hurting her." According to Appellant's explanation, he hit Mrs. Reeves because she "pushed him over the edge; and he did not mean to hit her." Appellant also admitted to Officer Adams that he had consumed three beers prior to going to the café that morning, and that he had a forth beer with his meal.

Appellant was convicted by the trial court of assault against an elderly individual. The court sentenced him to one year in Wise County Jail, and suspended his imprisonment pending Appellant's completion of two years' of community supervision. On appeal, Appellant raises a

single issue challenging the factual sufficiency of the evidence supporting the conviction on several bases.

As a preliminary matter, we must note that since Appellant filed his brief with this Court, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia*, legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue One as a challenge to the legal sufficiency of the evidence.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the fact finder's role as the sole judge of witness credibility, and the weight of their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

A person commits the offense of assault against an elderly individual if that person intentionally or knowingly causes physical contact with another person who is sixty-five years old or older, which the actor knows or should reasonably believe that the other would regard as offensive or provocative. *See* TEX.PENAL CODE ANN. § 22.01(a)(3) and (c)(1)(West Supp. 2010).

In this case, Appellant's arguments are centered on his contention that there is insufficient evidence to sustain the court's conclusion that he did, in fact, strike Mrs. Reeves. In support of

-3-

his argument, Appellant cites to Officer Adams' testimony that he did not actually witness the crime, as well as other evidence that Mrs. Reeves may have simply fallen to the ground due her previous knee injury. In essence, Appellant asks us to reevaluate the credibility which the trial court attributed to Mrs. Reeves statement and testimony that Appellant struck her in the face, and to disregard that evidence on the basis that it is contrary to the evidence that Mrs. Reeves' fall was caused by her broken knee cap. In light of the deference we must show to the fact finder, as required by the standard of review for legal sufficiency, we decline to do so. *See Brooks*, 323 S.W. 3d at 899.

Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable fact finder could have determined beyond a reasonable doubt that Appellant did intentionally cause his hand to contact Mrs. Reeves' person in a way that she could reasonably regard as offensive by striking her in the face. Accordingly, the evidence is not legally insufficient to support the conviction, and Issue One is overruled.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


May 18, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)